IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| FRANKLIN V. ANDERSON, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v.                                                       ) | Case NO: _____ |
| ) | |
| CITY OF PRICHARD; CITY OF PRICHARD ) | |
| POLICE DEPARTMENT; WALTER KNIGHT, ) | |
| CHIEF, in his official capacity and in his          ) | |
| individual capacity; DONNA HOBSON, Clerk of) | |
| the Municipal Court for the City of Prichard in ) | |
| her official capacity and in her individual        ) | |
| capacity; JONATHAN C. ANTHONY,              ) | |
| Prichard Police Officer, in his official capacity ) | |
| and in his individual capacity; and THREE (3)  ) | |
| UNKNOWN PRICHARD POLICE                    ) | |
| OFFICERS (pursuant to *Bivens v. Six Unknown* ) | |
| *Narcotic Agents*, 403 U.S. 388 (1971))          ) | |
| WHO WERE DIRECTLY INVOLVED WITH ) | |
| THE ARREST OF THE PLAINTIFF,             ) | |
| ) | |
| DEFENDANTS.                                          ) | |

PLAINTIFFS DEMAND TRIAL BY STRUCK JURY.

## COMPLAINT

### JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and supplemental jurisdiction over Plaintiff's state law claims and Cause of Action pursuant to 28 U.S.C. § 1367. 42 U.S.C. §1983 Claims.

2. Venue is proper in the Southern District of Alabama under 28 U.S.C. § 1391(e). Defendants, as well as the Plaintiff, reside in this judicial district. All of the acts and

omissions by Defendants giving rise to this action occurred in this judicial district.

## PARTIES

3. That Plaintiff Franklin V. Anderson is over the age of nineteen (19) years and a resident citizen of Mobile County, Alabama, and has been such for more than six (6) months.

4. That Defendants City of Prichard and City of Prichard Police Department is an Incorporated City and Police Department of said City in Mobile County, Alabama.

5. That Defendant Walter Knight is the Chief of Police for the City of Prichard and has direct supervision of the officers and control of the policies within the Police Department.

6. That Defendant Donna Hobson is the City of Prichard Municipal Court Clerk. She has refused to release "Public" records to the Plaintiff on the false arrests that were wrongfully signed against the Plaintiff.

7. That Defendant Jonathan C. Anthony is a Prichard Police Officer who was directly involved in the arrest of the Plaintiff.

8. That there are three (3) unknown Prichard Police Officers (pursuant to *Bivens v. Six Narcotic Agents*, 403 U.S. 388 (1971)) that were directly involved in the arrest of the Plaintiff. The names of these officers could have been obtained if the Municipal Clerk would release the "Public" court records.

## STATEMENT OF THE FACTS

9. That on or about of September 19, 2019, the Plaintiff, Franklin V. Anderson, was pulled over and arrested for disorderly conduct, resisting arrest, and a traffic violation of impeding the flow of traffic by four (4) Prichard police officers. Further, said officers illegally seized personal property, i.e., the Kahr CM-40 handgun and 13 rounds of ammunition for said handgun, lawfully possessed by the Plaintiff. They illegally withheld and refused to turn over

and release said handgun to the Plaintiff for over a year and a half, even after said cases were dismissed, in violation of the Second, Fourth and Fifth Amendments of the U.S. Constitution.

10. That the Prichard Police Department refused to turn over any and all records that is required of them pursuant to Brady v. Maryland to the Plaintiff for his defense of the criminal charges.

11. That Officer Jonathan C. Anthony physically assaulted, abused, and re-injured an existing neck injury of the Plaintiff and that the City of Prichard and the Prichard Police Department were on full notice that the Plaintiff had an existing neck injury.

12. That three (3) Unknown Prichard Police Officers (pursuant to *Bivens v. Six Unknown Narcotic Agents*, 403 U.S. 388 (1971)), whose identity is unknown at this time, physically assaulted, abused, and re-injured an existing neck injury of the Plaintiff and that the City of Prichard and the Prichard Police Department were on full notice that the Plaintiff had an existing neck injury.

13. That these Officers could have been named if the Clerk of the Municipal Court would release the court records.

14. That Donna Hobson is the City of Prichard Municipal Court Clerk. She has refused to release "Public" records to the Plaintiff on the false arrests that were wrongfully signed against the Plaintiff, even after a signed request was submitted to her on or about August 18, 2021.

## FIRST CAUSE OF ACTION PURSUANT TO TITLE 42 U.S.C. § 1983 – FOURTH AMENDMENT RETALIATION (Fourteenth Amendment)

15. Paragraphs 1-14 are re-alleged and incorporated herein as if fully set forth.

16. That the Defendants' illegal seizure; restraint on an illegal false arrest; use of excessive force; and assault constitute retaliation against Anderson's effort

to engage in normal everyday exercise of his personal freedom of "LIFE, LIBERTY and the PURSUIT OF HAPPINESS" and is protected by the Fourth Amendment, as applied to defendants via the Fourteenth Amendment.

17. That driving the City streets is a clearly established Fourth Amendment Right against unlawful search and seizure.

18. That the Prichard police officers' and police chief's constitutional violations were the result of a municipal policy, custom, or practice.

19. That the Four Officers' decision to have Plaintiff arrested constitutes official municipal action. This action was ratified by the Chief, who is the final decision maker with regard to police action generally and arrests specifically.

20. These constitutional violations may be remedied via 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION PURSUANT TO TITLE 42 U.S.C. § 1983 -Fourth and Fourteenth Amendments

21. Paragraphs 1-20 are re-alleged and incorporated herein as if fully set forth.

22. That in committing the acts complained of herein, Defendants acted under color of state law by falsely detaining Plaintiff on the sidewalk outside of the side of the road with no basis in fact or law to do so. In violating Plaintiff's right to be free from false arrest, Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

23. This violation may be remedied via 42 U.S.C. §1983.

## THIRD CAUSE OF ACTION PURSUANT TO TITLE 42 U.S.C. §1983 - USE OF EXCESSIVE FORCE IN SLAMMING PLAINTIFF UP AGAINST HIS CAR, WITH THE FORCE BEING SO HARD IT REINJURED HIS NECK (Fourth and Fourteenth Amendments)

24. Paragraphs 1-23 are re-alleged and incorporated herein as if fully set forth.

25. That Defendants' policies, procedures, practices, or customs within the Prichard Police Department, allow, among other things, the use of excessive force when other more reasonable and less drastic measures are available.

26. That the four (4) Officers pulled Plaintiff from his vehicle and slammed him into the side of his vehicle with such force that the Plaintiff reinjured his neck causing pain and suffering and having to seek medical treatment for the injury.

27. That the Officers were advised by the Plaintiff of his prior injury, and they still used this unreasonable and excessive force on Plaintiff.

28. That the Plaintiff was never provided any medical treatment after his arrest.

29. That this excessive use of force violated Plaintiff's rights under the Fourth and Fourteenth Amendments.

30. This violation may be remedied via 42 U.S.C. §1983.

## FOURTH CAUSE OF ACTION PURSUANT TO TITLE 42 U.S.C. § 1983 - USE OF EXCESSIVE FORCE WHILE ARESTING

31. Paragraphs 1-30 are re-alleged and incorporated herein as if fully set forth.

32. That Defendants' policies, procedures, practices, or customs within the Prichard Police Department allows, among other things, the use of excessive force when other more reasonable and less drastic measures are available.

33. This violation may be remedied via 42 U.S.C. §1983.

## FOURTH CAUSE OF ACTION PURSUANT TO TITLE 42 U.S.C.§ 1983 – VIOLATION OF SECOND, FOURTH, AND FIFTH AMENDMENTS TO THE U.S. CONSTITUTION

34. Paragraphs 1-33 are re-alleged and incorporated herein as if fully set forth.

35. That the Prichard Police Department, Police Chief, Officer Anthony, and 3 Unknown police officers, illegally seized, retained, and withheld the Plaintiffs personal property, i.e., Kahr CM-40 handgun and 13 rounds of ammunition for said gun, pursuant to the illegal arrest, in violation of the Second, Fourth, and Fifth Amendments to the U.S. Constitution.

36. That these violations may be remedied by 42 U.S. § 1983.

## FIFTH CAUSE OF ACTION PURSUANT TO TITLE 42 U.S.C. § 1983 – VIOLATION OF FIFTH AND SIXTH AMENDMENTS TO THE U.S. CONSTITUTION

37. Paragraphs 1-36 are re-alleged and incorporated herein as if fully set

forth.

38. That in the preparation of Plaintiff's criminal cases, counsel for the Plaintiff requested discovery material, to include but not limited to Brady material, pursuant to *Brady v. Maryland*, 373 U.S. 83.

39. That the Prichard Police Department and officers refused to turn over any discovery to allow Plaintiff to prepare his defense.

40. That this is in direct violation of the Plaintiff's Fifth Amendment Due Process Rights and his Sixth Amendment Fair Trial rights of the U.S. Constitution.

41. That this violation may be remedied by 42 U.S.C. § 1983.

## SIXTH CAUSE OF ACTION - NEGLIGENCE

42. Paragraphs 1-41 are re-alleged and incorporated herein as if fully set forth.

43. That at all material times relevant hereto, the four unknown Officers and the City of Prichard, owed Plaintiff a duty to conduct himself/itself in such a manner as to avoid injuring and/or damaging Plaintiff.

44. That Defendants negligently breached that duty by their actions, as described above.

45. That as a proximate consequence of Defendants' individual and/or combined negligence, Plaintiff suffered injuries and damages.

46. That these actions constitute a tort, which municipalities are not immune from in Alabama.

## SEVENTH CAUSE OF ACTION -ASSAULT

47. Paragraphs 1-46 are re-alleged and incorporated herein as if fully set forth.

48. That the four (4) Officers intentionally committed an assault on Plaintiff by pulling him from his vehicle and slamming him into the side of his vehicle with such force that it re-injure his neck.

49. That as a direct and proximate consequence of the Defendants' assault Plaintff has suffered bodily injury; suffered physical pain in the past; and has suffered, suffers, and will continue to suffer mental distress and anguish; and he has been caused to be deprived enjoyment of life and will be so deprived in the future.

50. These actions by the Officers constituted the tort of assault.

## EIGHTH CAUSE OF ACTION- TORT OF OUTRAGE BY JONATHAN C. ANTHONY AND THREE UNKNOWN OFFICERS

51. Paragraphs 1-50 are re-alleged and incorporated herein as if fully set forth.

52. That the actions of the four (4) Defendant officers were so outrageous as to shock the conscience.

53. That the Defendant Officers' conduct was intentional or reckless; extreme and outrageous; and caused emotional distress to Plaintiff so severe that no reasonable person could be expected to endure it.

54. These actions by Defendant Officers constitute the tort of outrage against Plaintiff.

## NINTH CAUSE OF ACTION PURSUANT TO TITLE 42 U.S.C. § 1983

55. Paragraphs 1-54 are re-alleged and incorporated herein as if fully set forth.

56. That Donna Hobson, the City of Prichard Municipal Court Clerk, has a duty to maintain any and all Court Records. Said records are public records are available to the public. Her duties include providing copies of any and all court records to the public, upon request, especially if the requester is requesting his own court records. The records include but are not limited to any traffic tickets and warrants for arrest, which would show the arresting Defendant Officers involved in the arrest of Plaintiff and the case action summary which would show all court hearing and proceedings, and the subpoenas issued to the Defendant Officers and other witnesses.

57. That Defendant Hobson breached that duty by denying Plaintiff certified copies of his court records.

58. That as proximate result of Defendant Hobson's failure to provide public records, Plaintiff is unable to ascertain the three (3) unknown Prichard Police (pursuant to *Bivens v. Six Narcotic Agents*, 403 U.S. 388 (1971)) Officers' names for this suit.

59. That these certified records are open to the public, however, Defendant Hobson refuses to release a copy the records in an effort to hide and hinder Plaintiff in his claims of Police Brutality and false arrest.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff sues for and demands relief as set forth below:

A. General damages in an amount to be determined at trial;

B. For special damages in an amount to be determined at trial;

C. For punitive damages against the Four Officers, Chief Knight, and Clerk Hobson individually, in an amount to be determined at trial;

D. Award of costs of suit, including attorneys' fees under 42 U.S.C. § 1983;

E. Declaratory judgment that Defendants' actions violated Plaintiff's rights under the First, Second, Fourth, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution, State Constitution, and State Law; and,

F. Any and all further relief which the Plaintiff may be justly entitled.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury.

*/s/ Franklin V. Anderson*
**FRANKLIN V. ANDERSON**

*/s/ John D. Norris*
**JOHN D. NORRIS**
**NORRIS & RANKIN, LLC**
ATTORNEY FOR PLAINTIFF
POST OFFICE BOX 241
MILLBROOK, ALABAMA 36054
(334) 285-0682
norrisj@bellsouth.net