# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| FRANKLIN V. ANDERSON, | * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION NO. 21-00388-B |
| CITY OF PRICHARD, *et al.*, | * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

This action is before the Court on Defendant Jonathan C. Anthony's motion to dismiss for insufficient service of process (Doc. 11). The motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S). Upon consideration of all matters presented, the undersigned recommends that the motion be **DENIED without prejudice**, and that Plaintiff be ordered to properly serve Defendant Anthony within twenty-one (21) days.

## I. BACKGROUND

Plaintiff Franklin V. Anderson ("Anderson") filed the instant civil action on September 8, 2021, asserting various claims against the City of Prichard, City of Prichard Police Department, Prichard Police Chief Walter Knight, Prichard Municipal Court Clerk Donna Hobson, Prichard police officer Jonathan C. Anthony ("Officer Anthony"), and three other unidentified Prichard police officers. (Doc. 1). Anderson's claims arise out of his arrest by Prichard

police officers on September 19, 2019, during which he alleges, *inter alia*, that Officer Anthony physically assaulted, abused, and injured him. (Id. at 2-3).

On September 16, 2021, Anderson filed a proof of service as to Officer Anthony. (Doc. 6). In the proof of service, Anderson's counsel declared: "I served the summons by Certified Mail, Return Receipt. Return Receipt was signed on 9/11/2021 as delivered. Copy is attached." (Id. at 1). The certified mail return receipt attached to the proof of service is addressed to "Jonathan C. Anthony, 216 East Prichard Avenue, Prichard, AL 36610." (Id. at 2). The return receipt lists the date of delivery as September 11, 2021, and it appears to state that it was received by someone with the initials "ACH." (See id.). The signature line on the return receipt appears to state "CV19 A14," and the boxes for "Agent" and "Addressee" are not checked. (See id.).

On October 4, 2021, Officer Anthony, through counsel, filed the instant motion seeking dismissal of Anderson's claims against him pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. (Doc. 11). On October 20, 2021, Anderson filed a response to the motion, in which he acknowledged that Officer Anthony was not properly served and requested additional time to locate and properly serve Officer Anthony. (Doc. 16).

## II. **LEGAL STANDARDS**

Rule 4 of the Federal Rules of Civil Procedure sets out the requirements for service of process. See Fed. R. Civ. P. 4. If a plaintiff fails to serve a defendant in accordance with Rule 4, the defendant may move to dismiss the case for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). Auto-Owners Ins. Co. v. Smith, 2019 U.S. Dist. LEXIS 195892, at *2, 2019 WL 5701294, at *1 (N.D. Ga. Apr. 9, 2019) (citing Fed. R. Civ. P. 12(b)(5)). It is the defendant's burden to challenge the sufficiency of service by describing with specificity how the service of process failed to meet the procedural requirements of Rule 4. Hollander v. Wolf, 2009 U.S. Dist. LEXIS 101446, at *7, 2009 WL 3336012, at *3 (S.D. Fla. Oct. 14, 2009). "Once the defendant carries that burden, the burden shifts to the plaintiff to prove a *prima facie* case of proper service of process." Auto-Owners, 2019 U.S. Dist. LEXIS 195892, at *2, 2019 WL 5701294, at *1. "If a plaintiff makes a *prima facie* showing of proper service, the burden shifts back to the defendant to bring strong and convincing evidence of insufficient process." Hollander, 2009 U.S. Dist. LEXIS 101446, at *8, 2009 WL 3336012, at *3.

Rule 4(c)(1) states that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)[.]" Fed. R. Civ. P. 4(c)(1). Rule 4(m) provides, in relevant part: "If a defendant is not served within 90 days after

3

the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

Good cause for failure to properly serve a defendant within ninety days "exists only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll Cty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (quotation omitted). "Absent a showing of good cause, the district court has the discretion to extend the time for service of process." Id. at 1282. In exercising this discretion, the court must consider whether any other circumstances, such as the expiration of a statute of limitations or the defendant evading service, warrant an extension of time based on the facts of the case. Id.

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990). Therefore, where a court finds insufficient service, it is improper for the court to reach the merits of the case and issue a dismissal with prejudice. Jackson

4

v. Warden, FCC Coleman-USP, 259 F. App'x 181, 182-83 (11th Cir. 2007) (per curiam).[1]

III. **ANALYSIS**

Service of process on an individual within a judicial district of the United States is governed by Rule 4(e) of the Federal Rules of Civil Procedure. Under Rule 4(e)(2), service must be made by either "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). "The term 'delivering' appears to refer to personal service." Dyer v. Wal-Mart Stores, Inc., 318 F. App'x 843, 844 (11th Cir. 2009) (per curiam). Therefore, "mailing of the complaint and summons does not constitute 'delivering' the complaint to [the defendant] or his agent within the meaning of Rule 4(e)(2)(A) or (C)." Dixon v. Blanc, 796 F. App'x 684, 688 (11th Cir. 2020) (per curiam). Likewise, "it does not appear that one may 'leav[e] copies' within

---

[1] Federal Appendix cases are unpublished Eleventh Circuit opinions and are not considered binding precedent, but they may be cited as persuasive authority. Henry v. Comm'r of Soc. Sec., 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority."); 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

5

the contemplation of this rule by using certified mail." U.S. Bank Nat. Ass'n v. Turquoise Props. Gulf, Inc., 2010 U.S. Dist. LEXIS 80365, at *9, 2010 WL 3155495, at *2 (S.D. Ala. Aug. 5, 2010). Because Plaintiff attempted to serve Anthony by certified mail, there is no question that he did not perfect service on Anthony in accordance with Rule 4(e)(2). See Wright v. Walmart Incorporation, 2020 U.S. Dist. LEXIS 155128, at *16, 2020 WL 4938367, at *7 (N.D. Ga. Apr. 1, 2020) ("Under the Federal Rules, the certified mailing of the summons and complaint does not constitute proper service of process under Rule 4(e)(2).") (quotation omitted).

"In the alternative, service can be perfected by complying with Alabama service rules." Johnson v. Champions, 2013 U.S. Dist. LEXIS 10791, at *2, 2013 WL 275957, at *1 (S.D. Ala. Jan. 24, 2013) (citing Fed. R. Civ. P. 4(e)(1)). "The Alabama rule is substantively the same as the federal rule." Turqoise Props., 2010 U.S. Dist. LEXIS 80365, at *9, 2010 WL 3155495, at *2; compare Fed. R. Civ. P. 4(e)(2), with Ala. R. Civ. P. 4(c)(1). However, unlike federal law, Alabama allows for "service by certified mail, return receipt requested, sent by counsel and effective upon the date of delivery to the 'named addressee or the addressee's agent as evidence[d] by signature on the return receipt.'" S. Guar. Ins. Co. v. Robinson, 2012 U.S. Dist. LEXIS 12576, at *5, 2012 WL 353767, at *2 (S.D. Ala. Feb. 2, 2012) (citing Ala. R. Civ. P.

6

4(i)(2)(B)(ii) & (C)). If someone other than the defendant has signed for the certified mail, "service is good only if the signatory constitutes the defendant's 'agent,' that is, 'a person or entity specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee.'" Turqoise Props., 2010 U.S. Dist. LEXIS 80365, at *9, 2010 WL 3155495, at *2 (quoting Ala. R. Civ. P. 4(i)(2)(C)).

In this case, Anderson attempted to serve Officer Anthony by certified mail at "216 East Prichard Avenue, Prichard, AL 36610." (Doc. 6 at 2). The instant motion notes that this is the address of Prichard City Hall, not Officer Anthony's residence, and Anderson makes no contention to the contrary. (See Doc. 11 at 3; Doc. 16). The motion further states that Officer Anthony began active duty with the Alabama Army National Guard in November 2020, that his active duty orders were set to expire on December 1, 2021, and that Officer Anthony was currently residing on-post outside the state of Alabama.[2] (Doc. 11 at 3). The motion points out that Officer Anthony does not bear the initials "ACH" and thus clearly did not personally sign the return receipt. (Id.). It also notes that there is no evidence or allegation that Officer Anthony has an authorized agent. (Id.). In response to Officer Anthony's

---

[2] Attached to the motion is a memorandum from Officer Anthony's commanding officer, which reflects that Officer Anthony was ordered to active National Guard duty for border security from November 14, 2020 to December 1, 2021. (Doc. 11-1).

7

motion, Anderson's counsel states that he was unaware of Officer Anthony's active duty status and acknowledges that his attempt to serve Officer Anthony by certified mail was insufficient. (Doc. 16 at 2).

In light of the foregoing, there is no question that Officer Anthony was not properly served. Anderson's counsel states that he "is currently working on having Anthony located and properly served" and requests that he be afforded an unspecified amount of additional time to properly serve Officer Anthony. (Id.). It appears to the undersigned that Anderson's failure to perfect service on Officer Anthony is largely the result of an outside factor, namely, the fact that Officer Anthony was serving on active National Guard duty for border security from November 2020 to December 1, 2021. Thus, it appears that there is good cause to excuse the failure to timely serve Officer Anthony. Even if the above circumstances do not constitute good cause, the undersigned recommends that the Court exercise its discretion to grant an extension of time for service, considering Officer Anthony's active duty status and residence at an undisclosed on-post location out-of-state until at least December 1, 2021, and the fact that the statute of limitations appears to have run on a number of the claims apparently asserted against Officer Anthony.[3]

---

[3] Anderson appears to assert multiple causes of action against Officer Anthony under 42 U.S.C. § 1983, along with state law claims

## IV. CONCLUSION

For the reasons set forth above, the undersigned recommends that Officer Anthony's motion to dismiss for insufficient service of process (Doc. 11) be **DENIED without prejudice**, and that Anderson be ordered to properly serve Officer Anthony within twenty-one (21) days.

**DONE** this **13th** day of **April, 2022.**

                                      **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**

---

for negligence, assault, and the tort of outrage. (See Doc. 1). Anderson's claims stem from his arrest on September 19, 2019, and subsequent related events. (See id.). Under Alabama law, claims for negligence and the tort of outrage are subject to a two-year statute of limitations. See Piazza v. Ebsco Indus., Inc., 273 F.3d 1341, 1347 (11th Cir. 2001); Strange v. Travelers Indem. Co., 915 F. Supp. 2d 1243, 1244 (N.D. Ala. 2012); Ala. Code § 6-2-38(l). Likewise, the statute of limitations for filing a § 1983 action in Alabama is two years. Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). But see Ala. Code § 6-2-34 (setting a six-year statute of limitations for "[a]ctions for any trespass to person or liberty, such as false imprisonment or assault and battery"); Whitsett v. Ala. Bd. of Pardons & Paroles, 2016 U.S. Dist. LEXIS 174895, at *2-3, 2016 WL 7366079, at *1-2 (S.D. Ala. Dec. 19, 2016) (finding that the statute of limitations for an assault and battery claim under Alabama law is six years).

9