# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

FRANKLIN V. ANDERSON,     *
                               *

    Plaintiff,           *
                               *

vs.                      *   CIVIL ACTION NO. 21-00388-B
                               *

CITY OF PRICHARD, *et al.*,     *
                               *

    Defendants.        *

## REPORT AND RECOMMENDATION

This action is before the Court on Defendants' motion to dismiss Plaintiff's complaint (Doc. 13). The motion, which has been fully briefed, has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S). Upon consideration of all matters presented, the undersigned recommends, for the reasons stated herein, that the motion be **GRANTED in part** and **DENIED in part**.

## I.   BACKGROUND

Plaintiff Franklin V. Anderson ("Anderson") filed the instant civil action on September 8, 2021, asserting various claims stemming from his arrest by Prichard, Alabama police officers on September 19, 2019. (Doc. 1). Anderson's complaint lists as Defendants the City of Prichard; City of Prichard Police Department; Prichard Police Chief Walter Knight ("Chief Knight"); Prichard Municipal Court Clerk Donna Hobson ("Clerk Hobson"); Prichard police officer Jonathan C. Anthony ("Officer Anthony");

and three unknown Prichard police officers who "were directly involved with the arrest of the Plaintiff."[1]  (Id. at 1-2).

Anderson alleges that Chief Knight "has direct supervision of the officers and control of the policies within the Police Department"; that Clerk Hobson "has refused to release 'Public' records to the Plaintiff on the false arrests that were wrongfully signed against the Plaintiff . . . even after a signed request was submitted to her on or about August 18, 2021"; and that Officer Anthony "is a Prichard Police Officer who was directly involved in the arrest of the Plaintiff."  (Id. at 2-3).  He further states that the names of the three unknown officers who "were directly involved" in his arrest "could have been obtained if [Clerk Hobson] would release the 'Public' court records."  (Id. at 2).

In the "Statement of the Facts" section of his complaint, Anderson alleges that "on or about of September 19, 2019," he was "pulled over" by four Prichard police officers "and arrested for disorderly conduct, resisting arrest, and a traffic violation of impeding the flow of traffic[.]"  (Id.).  Anderson asserts that "said officers illegally seized" his lawfully possessed handgun and thirteen rounds of ammunition, and that "[t]hey illegally withheld and refused to turn over and release said handgun" to him for more than a year-and-a-half, even after the criminal cases

---

[1] Anderson sues Chief Knight, Clerk Hobson, and Officer Anthony in their official and individual capacities.  (Doc. 1 at 1).

against him were dismissed.  (Id. at 2-3).  Anderson states that Officer Anthony and the three unknown officers "physically assaulted, abused, and re-injured an existing neck injury of the Plaintiff and that the City of Prichard and the Prichard Police Department were on full notice that the Plaintiff had an existing neck injury."  (Id. at 3).  He also states that "the Prichard Police Department refused to turn over any and all records that is required of them pursuant to Brady v. Maryland to the Plaintiff for his defense of the criminal charges."  (Id.).

Anderson asserts ten causes of action based on the above factual allegations, including seven causes of action under 42 U.S.C. § 1983 and three state law claims.  (See id. at 3-9).  In his first cause of action,[2] Anderson alleges that "driving the City streets is a clearly established Fourth Amendment Right against unlawful search and seizure" and contends that "Defendants' illegal seizure; restraint on an illegal false arrest; use of excessive force; and assault constitute retaliation against Anderson's effort to engage in normal everyday exercise of his personal freedom of 'LIFE, LIBERTY and the PURSUIT OF HAPPINESS' and is protected by the Fourth Amendment, as applied to defendants via the Fourteenth Amendment."  (Id. at 3-4).  He further asserts

---

[2] Count One is labeled "FIRST CAUSE OF ACTION PURSUANT TO TITLE 42 U.S.C. § 1983 – FOURTH AMENDMENT RETALIATION (Fourteenth Amendment)".  (Doc. 1 at 3).

that "the Prichard police officers' and police chief's constitutional violations were the result of a municipal policy, custom, or practice[,]" and that "the Four Officers' decision to have Plaintiff arrested . . . was ratified by the Chief, who is the final decision maker with regard to police action generally and arrests specifically." (Id. at 4).

In his second cause of action,[3] Anderson alleges that "in committing the acts complained of herein, Defendants acted under color of state law by falsely detaining Plaintiff on the sidewalk outside of the side of the road with no basis in fact or law to do so." (Id.). Anderson contends that "[i]n violating [his] right to be free from false arrest, Defendants violated" his rights under the Fourth and Fourteenth Amendments of the U.S. Constitution. (Id.).

In his third cause of action,[4] Anderson alleges that "the four (4) Officers" pulled him from his vehicle and slammed him into the side of his vehicle with such force that he reinjured a prior neck injury, and he contends that "this excessive use of force violated [his] rights under the Fourth and Fourteenth Amendments." (Id. at

---

[3] Count two is labeled "SECOND CAUSE OF ACTION PURSUANT TO TITLE 42 U.S.C. § 1983 – Fourth and Fourteenth Amendments". (Doc. 1 at 4).

[4] Count three is labeled "THIRD CAUSE OF ACTION PURSUANT TO TITLE 42 U.S.C. § 1983 – USE OF EXCESSIVE FORCE IN SLAMMING PLAINTIFF UP AGAINST HIS CAR, WITH THE FORCE BEING SO HARD IT REINJURED HIS NECK (Fourth and Fourteenth Amendments)". (Doc. 1 at 5).

5).   Anderson states that he advised the officers "of his prior injury, and they still used this unreasonable and excessive force on" him.   (Id.).   Anderson further alleges that "Defendants' policies, procedures, practices, or customs within the Prichard Police Department, allow, among other things, the use of excessive force when other more reasonable and less drastic measures are available."   (Id.).

In his fourth cause of action,[5] Anderson essentially repeats his allegation in count three that "Defendants' policies, procedures, practices, or customs within the Prichard Police Department allows, among other things, the use of excessive force when other more reasonable and less drastic measures are available."   (See id. at 6).

In his fifth[6] cause of action,[7] Anderson alleges that "the Prichard Police Department, Police Chief, Officer Anthony, and 3 Unknown police officers, illegally seized, retained, and withheld

---

[5] Count four is labeled "FOURTH CAUSE OF ACTION PURSUANT TO TITLE 42 U.S.C. § 1983 – USE OF EXCESSIVE FORCE WHILE ARESTING" [sic]. (Doc. 1 at 6).

[6] The complaint includes two separate claims titled "Fourth Cause of Action."   (See Doc. 1 at 6).   The Court assumes that the second of those was intended to be Anderson's fifth cause of action and will refer to it and Anderson's subsequent causes of action - which Anderson labels his fifth through ninth causes of action but are actually his sixth through tenth causes of action - accordingly.

[7] Count five is labeled "[FIFTH] CAUSE OF ACTION PURSUANT TO TITLE 42 U.S.C. § 1983 – VIOLATION OF SECOND, FOURTH, AND FIFTH AMENDMENTS TO THE U.S. CONSTITUTION".   (Doc. 1 at 6).

[his] personal property, i.e., Kahr CM-40 handgun and 13 rounds of ammunition for said gun, pursuant to the illegal arrest, in violation of the Second, Fourth, and Fifth Amendments to the U.S. Constitution."  (Id.).

In his sixth cause of action,[8] Anderson alleges that his counsel "requested discovery material," including "Brady material, pursuant to *Brady v. Maryland*, 373 U.S. 83[,]" in preparation for his criminal cases, but "the Prichard Police Department and officers refused to turn over any discovery" to allow Anderson to prepare his defense, in violation of his "Fifth Amendment Due Process Rights and his Sixth Amendment Fair Trial rights of the U.S. Constitution."  (Id. at 7).

In his seventh cause of action,[9] Anderson alleges that "the four unknown Officers and the City of Prichard" owed him "a duty to conduct himself/itself in such a manner as to avoid injuring and/or damaging" him, and that "Defendants negligently breached that duty by their actions, as described above."  (Id.).  Anderson states that "as a proximate consequence of Defendants' individual and/or combined negligence, [he] suffered injuries and damages." (Id.).

---

[8] Count six is labeled "[SIXTH] CAUSE OF ACTION PURSUANT TO TITLE 42 U.S.C. § 1983 – VIOLATION OF FIFTH AND SIXTH AMENDMENTS TO THE U.S. CONSTITUTION".  (Doc. 1 at 6).

[9] Count seven is labeled "[SEVENTH] CAUSE OF ACTION – NEGLIGENCE". (Doc. 1 at 7).

In his eighth cause of action,[10] Anderson asserts that "the four (4) Officers intentionally committed an assault on [him] by pulling him from his vehicle and slamming him into the side of his vehicle with such force that it re-injure [sic] his neck." (<u>Id.</u> at 8). Anderson alleges that as a result of the assault, he has suffered bodily injury, physical pain, mental distress and anguish, and "has been caused to be deprived enjoyment of life [sic] and will be so deprived in the future." (<u>Id.</u>).

In his ninth cause of action,[11] Anderson claims that "the actions of the four (4) Defendant officers were so outrageous as to shock the conscience[,]" and that the officers' "conduct was intentional or reckless; extreme and outrageous; and caused emotional distress to Plaintiff so severe that no reasonable person could be expected to endure it." (<u>Id.</u>). Anderson contends that "[t]hese actions by Defendant Officers constitute the tort of outrage against Plaintiff." (<u>Id.</u>).

In his tenth cause of action,[12] Anderson alleges that Clerk Hobson "has a duty to maintain any and all Court Records" and

---

[10] Count eight is labeled "[EIGHTH] CAUSE OF ACTION – ASSAULT". (Doc. 1 at 8).

[11] Count nine is labeled "[NINTH] CAUSE OF ACTION – TORT OF OUTRAGE BY JONATHAN C. ANTHONY AND THREE UNKNOWN OFFICERS". (Doc. 1 at 8).

[12] Count ten is labeled "[TENTH] CAUSE OF ACTION PURSUANT TO TITLE 42 U.S.C. § 1983". (Doc. 1 at 9).

provide "copies of any and all court records to the public, upon request, especially if the requester is requesting his own court records." (Id. at 9). Anderson alleges that Clerk Hobson breached that duty by refusing to release to him "certified copies of his court records[,]" which include documents that "would show the arresting Defendant Officers involved" in his arrest "and the case action summary which would show all court hearings and proceedings, and the subpoenas issued to the Defendant Officers and other witnesses." (Id.). Anderson asserts that as a result of Clerk Hobson's failure to provide the requested records, he is unable to identify the names of the three unknown police officers involved in his arrest. (Id.). Anderson claims that Clerk Hobson "refuses to release a copy the records [sic] in an effort to hide and hinder Plaintiff in his claims of Police Brutality and false arrest." (Id.).

For relief, Anderson seeks general damages; special damages; punitive damages against Chief Knight, Clerk Hobson, and the four police officers in their individual capacities; costs and attorneys' fees; a declaratory judgment that Defendants' actions violated his rights under the "U.S. Constitution, State Constitution, and State Law;" and any further relief to which he may be entitled. (Id. at 10).

Defendants City of Prichard, City of Prichard Police Department, Clerk Hobson, and Chief Knight filed the instant motion

to dismiss Anderson's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[13] (Doc. 13). In their motion, Defendants assert that Anderson's complaint is an improper "shotgun pleading" because (1) each cause of action re-alleges and incorporates the allegations of all preceding paragraphs; (2) the complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any cause of action"; and (3) the complaint asserts multiple claims against multiple Defendants but does not specify which claims apply to which Defendants. (Id. at 6-7). Defendants further contend that the Prichard Police Department should be dismissed as a Defendant because it is not a legal entity subject to suit. (Id. at 1 n.1, 8).

In his response to Defendants' motion, Anderson attributes his failure to identify specific actions on the part of each individual Defendant to Defendants' failure to provide him with "the necessary documentation to tell him the Defendant Officers' names." (Doc. 17 at 2). Anderson also asserts that "the language in each paragraph under each count, allows a reasonable person to discern which Defendant each count is referring to." (Id.). Anderson further argues that the facts alleged in his complaint are not conclusory, vague, and immaterial. (Id.). Finally,

---

[13] Defendant Anthony filed a separate motion seeking dismissal of Anderson's claims against him for insufficient service of process. (Doc. 11). That motion remains pending.

Anderson contends that any pleading deficiencies can be remedied by an amended complaint, and he states that once he "receives a copy of his file from Hobson or through discovery he will amend his complaint accordingly." (Id.). Defendants filed a timely reply (Doc. 18), and their motion is now ripe for resolution.

## II. <u>STANDARDS OF REVIEW</u>

### A.    **Rule 12(b)(6).**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a motion to dismiss a complaint on the ground that the plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> Although a complaint "does not need detailed factual allegations," it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555 (internal citation omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Iqbal</u>, 556 U.S. at 678

10

(quoting _Twombly_, 550 U.S. at 557).  The court must accept the factual allegations in the complaint as true and draw "all reasonable inferences in the plaintiff's favor."  _St. George v. Pinellas County_, 285 F.3d 1334, 1337 (11th Cir. 2002).  However, the court is not required to accept a plaintiff's legal conclusions.  _Iqbal_, 556 U.S. at 678.

**B.    Rules 8 and 10.**

Rule 12(b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which provides that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 8(a)(2)'s purpose is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  _Twombly_, 550 U.S. at 555 (internal citation omitted). Each allegation in a complaint "must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).

Rule 10(b) of the Federal Rules of Civil Procedure further provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). In Weiland, the Eleventh Circuit identified four broad categories of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

Id. at 1321-23. Although there are different types of shotgun pleadings, their "unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

## III. **DISCUSSION**

### A. **Anderson's Complaint is an Improper Shotgun Pleading.**

Having carefully reviewed Anderson's complaint, the Court agrees with Defendants that it is an impermissible shotgun pleading

that violates Rule 8(a)(2) and fails to provide adequate notice of Anderson's claims and the grounds upon which they rest.

First, Anderson's complaint makes the common shotgun pleading error of re-alleging and incorporating all previous paragraphs in each of his ten counts, thereby "causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See id. at 1321.

Second, Anderson commits the "sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." See id. at 1323. Anderson fails to make clear which counts are asserted against which Defendants. For example, in count two, Anderson simply alleges that "Defendants" violated his "right to be free from false arrest . . . under the Fourth and Fourteenth Amendments" by "falsely detaining Plaintiff on the sidewalk outside of the side of the road with no basis in fact or law to do so." (Doc. 1 at 4). Likewise, Anderson alleges in count four only that "Defendants' policies, procedures, practices, or customs within the Prichard Police Department allows, among other things, the use of excessive force[,]" but he does not specify *which* Defendants'

"policies, procedures, practices, or customs" he is referring to, much less identify what those policies are.[14]  (See id. at 6).

Anderson also fails to specify which Defendants are responsible for the acts or omissions he alleges.  For instance, Anderson's fifth cause of action alleges indiscriminately that "the Prichard Police Department, Police Chief, Officer Anthony, and 3 Unknown police officers, illegally seized, retained, and withheld" his gun and ammunition, but it does not specify *which* of those Defendants is responsible for the property's seizure, retention, and/or withholding.  (See id.).  As another example, Anderson vaguely alleges in count six that "the Prichard Police Department and officers" violated his rights to due process and a fair trial by "refusing to turn over any discovery to allow Plaintiff to prepare his defense."  (See id. at 7).  However, Anderson does not identify *which* Prichard police officers refused to turn over discovery material upon request, nor does he allege facts that would suggest that any specific police officer was under an obligation to do so.

Third, Anderson's complaint is rife with allegations that are vague, conclusory, and at times immaterial or nonsensical.[15]  Most

---

[14] Additionally, count four appears to be cumulative of count three, as it merely repeats an allegation that was already made in that prior count.  (See Doc. 1 at 5-6).

[15] Examples of the latter category are found in count one, where Anderson alleges that "Defendants' illegal seizure; restraint on

fundamentally, Anderson fails to provide sufficient facts to
support his conclusions that certain alleged actions were
tortious, unlawful, and/or unconstitutional. For example,
Anderson states that he "was pulled over and arrested for
disorderly conduct, resisting arrest, and a traffic violation of
impeding the flow of traffic" and concludes that this was "an
illegal false arrest" and "retaliation against Anderson's effort
to engage in normal everyday exercise of his personal freedom of
'LIFE, LIBERTY and the PURSUIT of HAPPINESS[.]'" (See id. at 2-
4). However, Anderson alleges no facts to support his conclusions
that his was a "false arrest" and that he was detained "with no

---

an illegal false arrest; use of excessive force; and assault
constitute retaliation against Anderson's effort to engage in
normal everyday exercise of his personal freedom of 'LIFE, LIBERTY
and the PURSUIT OF HAPPINESS' and is protected by the Fourth
Amendment," and that "driving the City streets is a clearly
established Fourth Amendment Right against unlawful search and
seizure." (See Doc. 1 at 3-4). Additionally, the Court notes
that count one appears to assert a claim for retaliation in
violation of the Fourth Amendment, but "the Eleventh Circuit has
made clear that no independent claim for retaliation exists under
the Fourth Amendment." Corbett v. Transportation Sec. Admin., 968
F. Supp. 2d 1171, 1182–83 (S.D. Fla. 2012), aff'd, 568 F. App'x
690 (11th Cir. 2014) (per curiam); see Wood v. Kesler, 323 F.3d
872, 883 (11th Cir. 2003) ("[T]here is no retaliation claim under
the Fourth Amendment separate and distinct from . . . malicious
prosecution and false arrest claims. Instead, the only cause of
action for retaliation . . . is retaliatory prosecution in
violation of the First Amendment."); Rehberg v. Paulk, 611 F.3d
828, 850 (11th Cir. 2010) ("[I]t was not clearly established that
the subpoenas to Rehberg's phone and email providers violated his
Fourth Amendment rights. We also are inclined to agree with the
government that Hodges and Paulk's retaliatory animus does not
create a distinct constitutional tort.").

basis in fact or law to do so." (See id. at 3-4). He also includes no facts to support his assertion that "the Four Officers' decision to have Plaintiff arrested . . . was ratified by the Chief, who is the final decision maker with regard to police action generally and arrests specifically." (See id. at 4).

In the same vein, Anderson alleges that the force the police officers used on him during his arrest was "unreasonable and excessive" and that "other more reasonable and less drastic measures" were available, but the factual context provided by Anderson regarding the arrest is far too vague to support these contentions. (See id. at 5).[16] Relatedly, Anderson asserts that "Defendants' policies, procedures, practices, or customs within the Prichard Police Department, allow, among other things, the use of excessive force when more reasonable and less drastic measures are available" but he fails to identify any of those "policies, procedures, practices, or customs" and does not state how they allow the use of excessive force. (See id.). The lack of factual context provided regarding Anderson's traffic stop and arrest and the officers' use of force also leaves count nine without

---

[16] Anderson alleges "that the City of Prichard and the Prichard Police Department were on full notice that the Plaintiff had an existing neck injury[,]" but he does not state the significance of this alleged notice, if any. (See Doc. 1 at 3). Anderson's allegation that he "was never provided any medical treatment after his arrest" also does not appear to be material to any of his claims. (See id. at 5).

16

sufficient factual support to state a viable tort of outrage claim.[17] (See id. at 8). Anderson also fails to allege facts that provide sufficient context or support for his contentions that the seizure and withholding of his handgun and ammunition were unlawful and that his constitutional rights were violated by the Prichard Police Department and officers' failure to turn over discovery material. (See id. at 2-3, 6-7).

Anderson broadly alleges in count seven that "the four unknown Officers and the City of Prichard" owed him a duty "to conduct himself/itself in such a manner as to avoid injuring and/or damaging" him, and that "Defendants negligently breached that duty by their actions, as described above." (See id. at 7). In addition to creating confusion as to which Defendants the claim is asserted against,[18] these allegations fail to adequately specify the duty alleged or the actions alleged to constitute a breach of such duty. Similarly, Anderson's tenth cause of action alleges that Clerk Hobson breached a duty to provide Anderson with certified copies of his court records, but Anderson fails to adequately identify

---

[17] Count nine is also insufficiently pled in that it alleges that "the actions of the four (4) Defendant officers were so outrageous as to shock the conscience" but fails to specify which actions are being referenced. (See Doc. 1 at 8).

[18] As noted *supra*, Anderson purports to name only *three* unknown police officers as Defendants. (See Doc. 1 at 1-2).

17

the basis of the claimed duty or to allege how Clerk Hobson's actions violated his constitutional rights.[19]  (See id. at 3, 9).

In sum, Anderson's complaint commits several shotgun pleading errors and fails to provide adequate notice as to which claims and factual allegations are being asserted against which Defendants and the grounds upon which each claim rests.[20]

**B.    The Prichard Police Department is Not a Proper Party.**

Defendants move for the dismissal of the City of Prichard Police Department as a Defendant because a police department is not a legal entity subject to suit.  (Doc. 13 at 1 n.1, 8).  "In Alabama, a city's police department is not a suable entity or a proper party under state law or for § 1983 purposes." Coburn v. Prichard Police Dep't, 2007 WL 1424528, at *4 (S.D. Ala. May 11, 2007); see Hawkins v. City of Greenville, 101 F. Supp. 2d 1356, 1363 (M.D. Ala. 2000).  Anderson's response brief makes no argument

---

[19] In order to state a claim under § 1983, a plaintiff must show "(1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005) (per curiam).

[20] As noted, Anderson's complaint purports to name three fictitious Defendants.  "As a general matter, fictitious-party pleading is not permitted in federal court." Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam).  However, the Eleventh Circuit has "created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be 'at the very worst surplusage.'" Id. (citation omitted).  Anderson is cautioned that any amended complaint he chooses to file must comply with federal pleading standards, including the principles regarding fictitious party practice described herein.

to the contrary.  (See Doc. 17).  Accordingly, Anderson's claims against the City of Prichard Police Department are due to be dismissed with prejudice.

## C.  Leave to Amend.

Although Anderson's complaint is deficient as drafted, dismissal at this juncture is premature.  Generally, where a more carefully drafted complaint might state a viable claim, a district court must give the plaintiff at least one chance to amend the complaint before dismissing the action with prejudice.  Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam).  "Before dismissing a complaint with prejudice on shotgun-pleading grounds, the district court must first explain how the pleading violates the shotgun-pleading rule and give the plaintiff at least one opportunity to re-plead the complaint."  Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018) (per curiam); see Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018) ("[A] district court must . . . give [the plaintiff] one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds.  In the repleading order, the district court should explain how the offending pleading violates the shotgun pleading rule so that the party may properly avoid future shotgun pleadings.").  Implicit in any repleading order is the "notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court

should strike his pleading, or depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1358 (11th Cir. 2018) (quotation omitted).

Therefore, the appropriate course of action is to provide Anderson the opportunity to amend the complaint to plead his claims with sufficient specificity to conform to Rules 8 and 10 and the other applicable pleading standards described above. See id. (noting that a "chance to amend a complaint" can "be accomplished by ordering the party to file a more definite statement"). This includes no longer re-alleging and incorporating by reference the allegations of predecessor counts; specifying which factual allegations pertain to which causes of action; making clear which counts are brought against which Defendants; specifying which of the Defendants are responsible for the acts or omissions alleged; specifying the factual and legal basis for each count; and alleging sufficient *factual* matter to plausibly state a claim upon which relief can be granted as to each cause of action.

Anderson's amended complaint will supersede his original complaint; therefore, the amended complaint shall not reference or in any way rely on the allegations in the original complaint. See Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (stating that the original complaint is considered

abandoned and is no longer a part of the pleader's allegations against his adversary when an amended complaint is filed).

Anderson is cautioned that he should not assume he will be granted any further opportunities to amend his pleading. If Anderson's amended complaint repeats the deficiencies of his original complaint, this action will be subject to dismissal. See Vibe Micro, 878 F.3d at 1297 ("We will not adopt a rule requiring district courts to endure endless shotgun pleadings.").

**IV. <u>CONCLUSION</u>**

Based on the foregoing, the undersigned recommends that Defendants' motion to dismiss (Doc. 13) be **GRANTED in part** and **DENIED in part.** Specifically, it is recommended that Anderson's claims against the City of Prichard Police Department be **DISMISSED with prejudice**, and that Anderson be ordered to file an amended complaint that conforms to the pleading standards outlined above.

**DONE** this **13th** day of **April, 2022.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**