IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| FRANKLIN V. ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 1:21-cv-388-TFM-B |
| | ) | |
| CITY OF PRICHARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On April 13, 2022, the case was reassigned to the undersigned along with the entry of two separate Reports and Recommendations by the Magistrate Judge. *See* Docs. 19, 20, 21. Objections to the two Reports and Recommendations would have been due on April 27, 2022. However, instead of filing objections, Plaintiff filed an Amended Complaint presumably to address the issues raised in the Reports and Recommendations. Therefore, the Court will address each Report and Recommendation separately.

The Court begins with the second Report and Recommendation (Doc. 20) which the recommends the motion to dismiss (Doc. 13) be granted in part and denied in part. Plaintiff's newly filed Amended Complaint seemingly attempts to address the matters raised in the Report and Recommendation prior to it being adopted as a final order. Unfortunately, Plaintiff's filing without discussion muddies the waters and also falls outside of what is automatically permitted under the federal rules.

Fed. R. Civ. P. 15(a) discusses amendments before trial. "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after

service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).

Plaintiff is well outside the confines of Rule 15(a)(1). Had Plaintiff filed the amended complaint within 21 days of the motions to dismiss filed in October, it would have been permitted as a matter of course. Instead, Plaintiff now attempts to do so after the entry of a Report and Recommendation which, if adopted, would dismiss with prejudice certain claims. Though the Report and Recommendation also makes it clear that Plaintiff would also be required to file an amended complaint.

A cursory review makes it appear that he does not object to either Report and Recommendation and that he attempts to address the issues raised in the Report and Recommendation (Doc. 20). However, as he cannot file an Amended Complaint in due course and did so prior to the adoption of the Report and Recommendation, the Court must look to Rule 15(a)(2). It seems as though Plaintiff may be simply skipping the part where the Report and Recommendation is not a final order until adopted by the undersigned under 28 U.S.C. § 636(b)(1)(C) and moves on to address the issues raised by the Magistrate Judge.

Therefore, to ensure clarity of the Plaintiff's position and for the docket sheet, the Court will construe the Amended Complaint (Doc. 22) as a Motion to Amend. Plaintiff shall file on or before **May 2, 2022** a brief in support of his motion to amend and makes it clear whether or not he is filing any objections to the Report and Recommendation (Doc. 20). The Court *sua sponte* extends the time frame to object to the second Report and Recommendation (Doc. 20) to **May 2, 2022** in the event the Court has misunderstood Plaintiff's filing. Any response to the motion to

amend and its brief shall be due on or before **May 6, 2022**.  As such, the second Report and Recommendation (Doc. 20) and the corresponding motion to dismiss (Doc. 13) remain pending for the Court's final review.

In the meantime, the Court will move on to address the first Report and Recommendation (Doc. 19) as the current pleading seems to have no effect on that recommendation and no party has filed objections within the fourteen (14) day objection period.

On April 13, 2022, the Magistrate Judge entered a Report and Recommendation which recommends the Motion to Dismiss for Insufficient Service of Process (Doc. 11) be denied.  *See* Doc. 19.  No objections were filed by either party.  Therefore, after due and proper consideration of the issues raised, and there having been no objections filed, the recommendation (Doc. 19) of the Magistrate Judge is **ADOPTED** as the opinion of this Court and Defendant Jonathan C. Anthony's motion to dismiss for insufficient service of process (Doc. 11) is **DENIED** without prejudice and leave to refile if appropriate.  Plaintiff is **ORDERED** to properly serve Officer Jonathan C. Anthony within twenty-one (21) days of this Memorandum Opinion and Order.

**DONE** and **ORDERED** this 28th day of April 2022.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE